IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KENACE FITZGERALD WRIGHT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DURHAM COUNTY SHERIFF WORTH HILL; )<br>OFFICER JACK CATES; OFFICER )<br>ANTHONY SMITH; and DR. MICHAEL )<br>BOWEN, )<br>)<br>Defendants. )<br>_____ ) | 1:03CV00109 |

MEMORANDUM OPINION

TILLEY, Chief Judge

This parties in this matter dispute the liability of various law enforcement personnel for injuries sustained by Mr. Wright in the course of his arrest and detainment at the Durham County Jail. This matter is currently before the Court on Defendants Anthony Smith and Jack Cates's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) [Doc. #28] and Plaintiff Wright's Motion to Further Amend Complaint [Doc. #32]. For the reasons set forth below, Defendants' Motion to Dismiss will be DENIED and Plaintiff's Motion to Further Amend Complaint will be GRANTED.

I.

The facts alleged in the Amended Complaint [Doc. #22] are as follows. Plaintiff Kenace Fitzgerald Wright suffered a medical injury in September of 1997

when, in the course of his arrest, Officers Jack Cates and Anthony Smith threw him down on a picnic table and put their weight on his back. Mr. Wright was taken into custody at the Durham County Jail, where his injuries were not adequately tended. He claims that his injuries were further aggravated by Dr. Michael Bowen at the Durham County Jail, who failed to ensure that Mr. Wright received proper medical care. Although Mr. Wright was eventually provided medical treatment, he alleges that he is now "handicapped and in a wheel chair on disability."

Mr. Wright, proceeding pro se, first filed suit in this Court on September 19, 2000,[1] alleging violations of 42 U.S.C. § 1983 and seeking damages for his injuries. The suit was dismissed without prejudice on March 4, 2002, for failure to timely serve the proper Defendants. Mr. Wright was allowed one year to re-file his suit, and he timely filed the instant action on January 31, 2003. The new Complaint [Doc. #1] was a photocopy of Mr. Wright's earlier Complaint with the addition of a few handwritten changes. Although he was not in custody at the time of the filing, the Complaint was on a form designated for use by prisoners bringing suit under 42 U.S.C. § 1983. Sheriff Hill moved to dismiss the action for lack of jurisdiction and sought judgment on the pleadings [Doc. #7]. Officer Smith also moved for dismissal for failing to comply with the statute of limitations [Doc. #10].

---

[1]Case Number 1:00CV00922.

On February 2, 2004, this Court issued a Memorandum Opinion and Order in response to the pending motions to dismiss. Instead of addressing the substance of these motions, this Court allowed Mr. Wright thirty days to file an Amended Complaint correcting the numerous procedural problems with his Complaint. Specifically, Mr. Wright was instructed to file a "single document"[2] that "should describe in separate numbered paragraphs the specific conduct by the Defendants about which Mr. Wright is complaining and the claims which Mr. Wright is asserting against each of the Defendants." Mr. Wright was also reminded that the Amended Complaint should be served on the Defendants in accordance with the Federal Rules of Civil Procedure.

Mr. Wright timely filed an Amended Complaint [Doc. #22] on March 3, 2004. He mailed a copy of the Amended Complaint to the attorney for Officers Cates and Smith.

On March 16, 2004, Sheriff Hill moved to dismiss for lack of jurisdiction and failure to state a claim upon which relief could be granted [Doc. #23]. On July 16, 2004, this Court issued a Memorandum Opinion and Order granting Sheriff Hill's motion to dismiss. Therefore, the only remaining Defendants are Dr. Bowen and Officers Cates and Smith.

On August 9, 2004, Officers Cates and Smith moved to dismiss the

---

[2]Mr. Wright's original Complaint was accompanied by several separate documents and narratives.

3

Amended Complaint for insufficiency of service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).[3] Mr. Wright did not file any response, and this motion is currently before the Court.

On October 21, 2004, Mr. Wright moved to further amend his Amended Complaint and attached the proposed Further Amended Complaint [Doc. #32]. Defendants Cates and Smith objected to this further amendment of Mr. Wright's Amended Complaint.

II.

Officers Cates and Smith seek dismissal arguing that Mr. Wright failed to properly serve the Amended Complaint. The officers argue that the Amended Complaint was not properly served under Rule 4 of the Federal Rules of Civil Procedure, which does not allow for service of an individual by mail unless a defendant has waived service. Fed. R. Civ. P. 4(e). Although Rule 4(e) also allows for service pursuant to the law of the state in which the district court is located, North Carolina does not allow a plaintiff to serve an individual by regular, first class mail. See N.C. R. Civ. P. 4(j)(1)(c) (allowing service by registered or certified mail,

---

[3]The Defendants claim that they were unaware of this Court's February 2, 2004, Memorandum Opinion and Order, which allowed Mr. Wright to file an Amended Complaint, until seeing it referenced in this Court's Order dated July 16, 2004. Thus, although Defendants' counsel was aware of the filing of Mr. Wright's Amended Complaint, Defendants' counsel did not believe that the Court had authorized Mr. Wright to amend his complaint. Upon learning that Mr. Wright was authorized to amend his complaint, Defendants' counsel filed this motion to dismiss.

4

or by depositing with a designated delivery service, return receipt requested).

However, Rule 5 of the Federal Rules of Civil Procedure provides less stringent rules of service for many documents including "every pleading subsequent to the original complaint." Fed. R. Civ. P. 5(a). Service under Rule 5(a) is made by: "Mailing a copy to the last known address of the person served." Fed. R. Civ. P. 5(b)(2)(B). Furthermore, Rule 5 allows service on a party represented by an attorney to be made upon the attorney. Fed. R. Civ. P. 5(b)(1). Because Defendants do not contest that Mr. Wright mailed a copy of the Amended Complaint to their attorney within thirty days of the February 2, 2004, Order, Mr. Wright properly served Officers Cates and Smith pursuant to Rule 5 of the Federal Rules of Civil Procedure.

Therefore, Defendants' motion to dismiss for improper service is DENIED.

### III.

Mr. Wright seeks leave to further amend his complaint. Rule 15(a) governs a party's ability to amend its pleading and provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts generally have construed Rule 15 liberally so that claims can be adjudicated on the merits of the case. Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc., 271 F.3d 164, 170 (4th Cir. 2001). But Rule 15 has its limitations, and a motion to amend the pleadings comes too late if it would unduly prejudice the opposing party. Id.

Mr. Wright has sought the assistance of counsel to help him prepare this

5

Case 1:03-cv-00109-NCT-RAE   Document 34   Filed 06/21/05   Page 5 of 6

Further Amended Complaint. Mr. Wright's proposed Further Amended Complaint does not appear to increase the liability of Officers Cates and Smith. Instead, the Further Amended Complaint appears to clarify to some extent Mr. Wright's allegations of misconduct and claims for relief. Because the remaining Defendants have not filed an Answer, it appears the amendment would not unduly prejudice their defense. Although Officers Cates and Smith filed an objection to Mr. Wright's Further Amended Complaint, the objection failed to identify any prejudice that would result from permitting the amendment.

Therefore, Mr. Wright's Motion to Further Amend Complaint [Doc. #32] is GRANTED.

IV.

For the reasons set forth above, Defendants' Motion to Dismiss is DENIED and Plaintiff's Motion to Further Amend Complaint is GRANTED. Pursuant to Mr. Wright's request, the attached Further Amended Complaint will be filed and will serve as the Complaint in his case against the remaining Defendants. Mr. Wright does not need to file an additional copy of the Complaint.

This the day of June 21, 2005

    /s/ N. Carlton Tilley, Jr.
United States District Judge