IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KENACE FITZGERALD WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:03CV00109 |
| | ) | |
| DURHAM COUNTY SHERIFF WORTH HILL; | ) | |
| OFFICER JACK CATES; OFFICER | ) | |
| ANTHONY SMITH; and DR. MICHAEL | ) | |
| BOWEN, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

MEMORANDUM OPINION

TILLEY, District Judge

 This case arises out of injuries allegedly sustained by Plaintiff Kenace

Fitzgerald Wright in the course of his arrest and subsequent detainment at the

Durham County Jail.  This case is now before the Court on the Defendant Officers'

– Cates' and Smith's – Motion for Summary Judgment [Doc. #44][1] pursuant to

Rule 56 of the Federal Rules of Civil Procedure.  For the reasons set forth below,

Defendants' Motion for Summary Judgment will be GRANTED on the ground raised

in the Defendants' answer to the Amended Complaint, that the statute of

limitations expired.

I.

_____

 [1]Unless specified otherwise, document numbers refer to the most recent civil
case, 1:03CV00109.

The facts alleged in the Further Amended Complaint [Doc. #35] are as follows. On September 3, 1997, Mr. Wright was asleep in East Durham Park in the City and County of Durham, North Carolina. Officers Cates and Smith, both officers of the City of Durham Police Department, awakened Mr. Wright and searched and seized Mr. Wright's person and personal effects. In addition to mocking and taunting him, Mr. Wright asserts that Officers Cates and Smith employed an excessive use of force which directly resulted in serious and disabling injuries to his back.

Mr. Wright, proceeding pro se, first filed suit in this Court in September, 2000,[2] alleging violations of his rights under 42 U.S.C. § 1983 and seeking damages for his injuries [Doc. #1 (2000 case)]. The complaint was handwritten on a form designated for use by prisoners naming "Durham County Jail and Staff (Medical etc.)" as defendants.[3] In January 2001, Mr. Wright attempted to serve process on the defendants by mailing a single envelope addressed to "Sheriff's (Dept.) Office of Detention Facility and Durham County Jail" [Doc. #5, Ex. 1 (2000 case)]. The envelope containing the Summons and Complaint was received by Becky Scaggs, a nurse employed by the Durham County Public Health Department,

_____

[2]Case No. 1:00CV922 (hereinafter "2000 case" or "first case").

[3]Elsewhere in the Complaint, in a section of the form entitled "Parties," the defendant(s) were named as "Jack Cates and Anthony Smith/Durham County Jail Staff and Officers." As mentioned earlier, Cates and Smith are employees of the City of Durham, a separate governmental entity.

2

on January 23, 2001 [Doc. #5 (2000 case)]. Scaggs was not an employee of the Durham County Detention Center, nor was she an agent of the Sheriff of Durham County authorized to accept service on his behalf [Doc. #5 (2000 case)]. Neither Officer Cates nor Officer Smith were served process, received notice of the suit, or were represented in the matter. [See Doc. # 12 at 6 n.3 (2000 case); Affs. of Officers Cates and Smith, Doc. ## 45, 46].

On March 4, 2002, the Court granted Defendants Durham County Jail and Staff (Medical etc.)'s motion to dismiss [Doc. # 13 (2000 case)]. Noting the numerous defects in the complaint, the Court dismissed the suit without prejudice and granted Mr. Wright the right to refile within one year of dismissal, noting that his claim may not survive the statute of limitations.

Mr. Wright filed the instant suit on January 31, 2003. The Complaint [Doc. #1] was a photocopy of the Complaint in the 2000 case with a few handwritten changes. Sheriff Hill moved to dismiss the action for lack of jurisdiction and sought judgment on the pleadings [Doc. #7]. Officer Smith moved for dismissal for failing to comply with the statute of limitations [Doc. #10].

On February 2, 2004, this Court issued a Memorandum Opinion and Order [Doc. ## 20, 21] in response to the pending motions to dismiss. Instead of addressing the substance of these motions, the Court allowed Mr. Wright thirty days to file an Amended Complaint to correct numerous procedural problems. Mr. Wright filed an Amended Complaint [Doc. #22] on March 3, 2004.

3

On March 16, 2004, Sheriff Hill moved to dismiss for lack of jurisdiction and failure to state a claim upon which relief could be granted. [Doc. # 23]. This Court granted Sheriff Hill's motion to dismiss on July 16, 2004 [Doc. #27]. Mr. Wright's action against Dr. Bowen was also dismissed without prejudice for failure to obtain service. [Doc. # 39].

On June 21, 2005, this Court denied Officers Cates' and Smith's Motion to Dismiss [Doc. # 28] and allowed Mr. Wright to file a Further Amended Complaint [Doc. #35]. [See Doc. # 34]. Officers Cates and Smith subsequently filed an Answer [Doc. # 37] and a Motion for Summary Judgment [Doc. #44] with supporting Affidavits [Doc. #45, 46] which are presently before this Court.

II.

Summary judgment is proper only when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Cox v. County of Prince William, 249 F.3d 295, 299 (4th Cir. 2001). An issue is genuine if a reasonable jury, based on the evidence, could find in favor of the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); Cox, 249 F.3d at 299. There is no genuine issue of material fact if the nonmoving party fails to make a sufficient showing on an essential element of its case as to which it would have the burden of proof at trial. Celotex, 477 U.S. at 322-23. In essence,

4

summary judgment requires a determination of the sufficiency of the evidence, not a weighing of the evidence, and the analysis concerns "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Anderson</u>, 477 U.S. at 251-52.

III.

Officers Cates and Smith first argue that Mr. Wright's suit is barred by the statute of limitations because the Complaint in the 2000 case was not filed before the limitation period expired.   Officers Cates and Smith next argue that, even if it were concluded that Mr. Wright commenced his first action within the statute of limitations, Mr. Wright's case should be dismissed because the Officers were never served in the 2000 case and, thus, the statute of limitations was not tolled against them.[4]   The Court agrees that the instant case is barred by the statute of limitations.

A.

There is no federal statute of limitations period for actions brought under 42

---

[4]Additionally, Officers Cates and Smith argue that personal jurisdiction does not exist, they are entitled to summary judgment on any federal false arrest or false imprisonment claims based on qualified immunity, and they are entitled to summary judgment on any state law false arrest or false imprisonment claims based on established probable cause.  Mr. Wright argues that the Officers have waived their personal jurisdiction defense. [Doc. # 69 at 5-8].  However, because the Court finds this action is barred by the statute of limitations, it is unnecessary to consider these additional arguments.

5

U.S.C. § 1983. See Wilson v. Garcia, 471 U.S. 261, 266 (1985). "Instead, the

statute of limitations period is borrowed from the applicable state law statute of

limitations for personal injury in the state where the alleged wrong occurred."

Cornett v. Weisenburger, 454 F. Supp. 2d 544, 547 (W.D. Va. 2006) (citing

Owens v. Okure, 488 U.S. 235, 239-40 (1989)). In North Carolina, § 1983

actions are governed by the three-year period of limitation for personal injury

actions. See Reagan v. Hampton, 700 F. Supp. 850, 855 (M.D.N.C. 1988).

Mr. Wright's alleged injury occurred on September 3, 1997. His Complaint

was received by the clerk of court on September 1, 2000, before expiration of the

three-year limitations period. However, the filing fee was not paid and the

Complaint was not marked "filed" by the Clerk until September 18, 2000 - after

expiration of the three-year period. Citing Cornet, Mr. Wright argues that a

complaint is deemed filed on the date it is received by the district court. [Doc. # 69

at 5]. In Cornett, the Western District of Virginia cited two unpublished opinions,

stating "the Fourth Circuit [has] held that, for statute of limitations purposes, a

complaint should be deemed filed on the date the district court received it." 454 F.

Supp. 2d at 548 n.3 (citing Hunt v. Stone, 39 F.3d 1177, 1994 WL 633379 (4th

Cir. 1994) (unpublished table decision), and Robinson v. Yellow Freight Sys., 892

F.2d 74, 1989 WL 152510 (4th Cir. 1989) (unpublished table decision)). See also

35 C.J.S. Federal Civil Procedure § 300 (2008) ("A complaint is deemed filed upon

payment of the filing fee, but it is deemed to be constructively filed as of the date

6

the clerk received the complaint, as long as the plaintiff ultimately pays the filing fee.") (internal citation omitted).

Because Mr. Wright's claims against Officers Cates and Smith are barred by the statute of limitations even if the Complaint in the 2000 case was deemed filed on September 1, 2000, it is unnecessary to decide this issue. Therefore, the Complaint will be treated as if it were constructively filed on September 1, 2000 for the purposes of the following analysis.

B.

The Federal Rules of Civil Procedure govern the commencement of § 1983 claims for the purposes of tolling the state statute of limitations. See Lewis v. Richmond City Police Dept., 947 F.2d 733, 735 (4th Cir. 1991). "An action is commenced for statute of limitations purposes when the complaint is filed if service of process is accomplished within 120 days . . . ." Arabian v. Bowen, 966 F.2d 1441, 1992 WL 154026, *2 (4th Cir. 1992) (unpublished table decision) (emphasis added) (citing West v. Conrail, 481 U.S. 35, 39 (1987)); see also 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1056 (3d ed. 2002) ("[T]he filing of the complaint commences a federal question case for statute of limitation purposes, but only provisionally.").

Where, as here, a plaintiff fails to serve a defendant within the 120-day period, the action is subject to dismissal without prejudice and the plaintiff is in the same position as if the action had never commenced and the statute of limitations

7

was never tolled.  See Pusey v. Dallas Corp., 938 F.2d 498, 500-01 (4th Cir.

1991); 4 Wright & Miller § 1056; 54 C.J.S. Limitation of Actions § 273 (1955)

("[A]n action is not commenced, so as to toll the statute of limitations, . . . where

the service was never made."); see also, e.g., Quinn v. Watson, 119 Fed. Appx.

517, 2005 U.S. App. LEXIS 839 (4th Cir. 2005) ("In instances where a complaint

is timely filed and later dismissed, the timely filing of the complaint does not 'toll'

or suspend the [] limitations period"); Brennan v. Kulick, 407 F.3d 603, 606 (3d

Cir. 2005) ("A statute of limitations is not tolled by the filing of a complaint

subsequently dismissed without prejudice, as the original complaint is treated as if

it never existed.") (quotation marks and citation omitted)).

Additionally, while the dismissed without prejudice condition permits a

plaintiff to refile the complaint as if it had never been filed, it does not give the

plaintiff a right to refile without the consequences of time defenses, such as the

statute of limitations.  Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir. 1995).  Because

Mr. Wright failed to serve Officers Cates and Smith within 120 days as required by

the federal rules and the statute of limitations expired during that period, Mr.

Wright's claims against Officers Cates and Smith became barred by the statute of

limitations.  The Complaint in the instant case was filed January 31, 2003, well

beyond the three-year limitation period.  Therefore, Mr. Wright's claims against

8

Officers Cates and Smith are barred by the statute of limitations.[5]

This is not a case where there was a minor procedural defect in the service of process. Nor is it a case where, despite improper or untimely service, the defendant had notice of the action and made an appearance before the court. Service was never made upon the Officers and the Officers never made an appearance in court or had any pleadings filed on their behalf. Both Officers Cates and Smith have filed sworn affidavits in the instant case stating that they did not receive a copy of any summons or complaint issued or filed in the 2000 case and they were not served with process in the 2000 case. [Doc. ## 45, 46]. Officer Smith first learned of any lawsuit relating to Mr. Wright's 1997 arrest on April 30, 2003, when he received summons and complaint for the instant action--over five years after Mr. Wright's alleged injuries occurred. [Doc. # 46]. Officer Cates was never served with process in this case and was not aware of the suit until notified

---

[5]If state tolling provisions were to apply, the result would be the same. Under North Carolina tolling provisions, an action is commenced, for statute of limitation purposes, by the filing of a complaint or the issuance of summons. Selph v. Post, 552 S.E.2d 171, 172 (N.C. Ct. App. 2001). However, Rule 4(c) of the North Carolina Rules of Civil Procedure requires service of a summons "within 60 days after the date of the issuance of the summons." N.C. Gen. Stat. § 1A-1, Rule 4(c) (2005). If service is not made within the 60-day period, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed. Bentley v. Watauga Bldg. Supply, Inc., 549 S.E.2d 924, 925 (N.C. Ct. App. 2001). The action is discontinued and treated as if it had never been filed and the statute of limitations as if it had never been tolled. Latham v. Cherry, 433 S.E.2d 478 (N.C. Ct. App. 1993).

by the City Attorney's Office.[6] [Doc. # 45].  Officers Cates and Smith were

unaware of any suit against them until over five years after the alleged injuries

occurred.  It is this potential for surprise and injustice that statutes of limitations

are meant to prevent.  "Such statutes represent a pervasive legislative judgment

that it is unjust to fail to put an adversary on notice to defend within a specified

period of time, and that the right to be free of stale claims in time comes to prevail

over the right to prosecute them."  51 Am. Jur. 2d Limitation of Actions § 13

(2000); see also Order of R.R. Tel. v. Ry. Express Agency, Inc., 321 U.S. 342,

349-49 (1944) ("The theory is that even if one has a just claim it is unjust not to

put an adversary on notice to defend within the period of limitation and that the

right to be free of stale claims in time comes to prevail over the right to prosecute

them.").

IV.

For the foregoing reasons, Defendants Cates' and Smith's Motion for

Summary Judgment will be GRANTED.

This the day of April 7, 2008

/s/ N. Carlton Tilley, Jr.
United States District Judge

---

[6]The affidavit of Officer Cates does not state exactly when he was informed
of this action by the City Attorney's Office.  The City Attorney was entered as the
attorney for Officer Smith and the first pleading filed on his behalf was filed on
May 29, 2003. [Doc. # 10].  The first pleading filed by the City Attorney on behalf
of both Officers was filed on August 9, 2004. [Doc. # 28].